Tom Courtway, Interim Director Arkansas Department of Education #4 Capitol Mall, Room 404-A Little Rock, AR 72201
Dear Mr. Courtway:
I am writing in response to your request for what you term "an additional opinion" from me regarding the disclosability under the Arkansas Freedom of Information Act (the "FOIA"), A.C.A § 25-19-101
through -109 (Repl. 2002 Supp. 2003), of information contained in a "Notice of Intent to Home School Form" (the "Form"). As you note in your request, I have previously addressed this issue in Ark. Op. Att'y Gen. No. 2004-018. Specifically, you report that the ArkansasDemocrat-Gazette (the "ADG") has asked you to pose (or repose) the following question:
 Is the educational level of parents of home school students contained in the "Notice of Intent to Home School" record subject to public disclosure?
In support of your request, you have attached a letter to you from two ADG assistant city editors, who note that they consider the Form a public record under the FOIA, discuss the scope of various exemptions under the FOIA and remark that they do not consider the privacy provisions of the Federal Educational Rights Privacy Act ("FERPA"), 20 U.S.C. 1232g, applicable in this instance.
RESPONSE
As I noted in my previous opinion, I believe the answer to this question is "no," although any statistical compilations based upon the portion of the Form containing this information might be subject to disclosure.
Conspicuously absent in the ADG's list of comments regarding the scope of the FOIA and FERPA is any reference to the pivotal points in my previous opinion. After concluding that the Form is a public record under the FOIA, I noted that public records are subject to disclosure "[e]xcept as otherwise specifically provided . . . by laws specifically enacted to provide otherwise. . . ." A.C.A § 25-19-105(a)(1)(A). I further noted that A.C.A § 6-15-503(b) marks such an exception, providing that the information included on the Form "may be used only for statistical purposes and test information." I continue to subscribe to the conclusion reached by one of my predecessors in Ark. Op. Att'y Gen. No. 85-195 that this statute exempts the Form from disclosure under the FOIA. However, as I also noted in my previous opinion, I believe any compilation of the information contained in the Form would be subject to disclosure.
In their correspondence to you, the representatives of the ADG maintained that "[a]ccording to 25-19-105(f)(1)(2)(3)(4), when public and private records are commingled, access to the public part of the records is required." This objection misses the crucial point that even access to what would otherwise be the public parts of the records may be foreclosed by legislative directive, as it was in this case. The same response applies to the following remarks the ADG has offered regarding the application of FERPA: "FERPA applies to personally identifiable information. Furthermore, FERPA addresses the records of public school students, not home school students." Even assuming these remarks were entirely correct, which they are not, this conclusion would not foreclose the legislature from declaring the records nondisclosable, which is precisely what it did, whether wisely or not, in enacting A.C.A. §6-15-503(b). With respect to the substance of the ADG's remarks, I will note that FERPA applies not only to "personally identifiable information," but also to "education records" — a term the U.S. Code defines as including the broader category of "information directly related to a student." 20 U.S.C. § 1232g(a)(4)(A)(i). Furthermore, notwithstanding the ADG's claim to the contrary, FERPA addresses the records of privately as well as publicly educated students.20 U.S.C. § 1232g(a)(3).
I appreciate the ADG's eagerness to obtain information that it considers germane to what I gather will be an assessment of home schooling in Arkansas. I further appreciate, as I noted in Ark. Op. Att'y Gen. No. 2004-018, that A.C.A. § 6-15-503(c), which requires each local school district to "report the statistical data required by this section to the Department of Education each year," appears to envision some possibly disclosable compilation of the information contained in the Notice of Intent to Home School forms. As I have previously noted, I am unaware if any such compilations exist. If not, the only available remedy for the ADG would appear to be legislative action declaring the desired information subject to disclosure.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh